No. 25-7018     September Term, 2024

1:24-cv-03127-ACR

Filed On: June 2, 2025

Gregory B. Myers,

    Appellant

Barbara Ann Kelly,

    Appellee

    v.

Naples Golf and Beach Club, Inc., A Florida
Corporation, et al.,

    Appellees

**BEFORE:** Henderson, Wilkins, and Childs, Circuit Judges

**O R D E R**

Upon consideration of the suggestion of bankruptcy and the motion to dismiss and for sanctions, it is

**ORDERED** that the suggestion of stay in light of the bankruptcy filing be denied. This case was not brought "against the debtor," nor does it concern property of the debtor or his bankruptcy estate. See 11 U.S.C. § 362(a). Moreover, even if an automatic stay at one point applied (which it did not), the stay is no longer in effect. See 11 U.S.C. § 362(c)(2). It is

**FURTHER ORDERED** that the motion to dismiss be granted and this appeal be dismissed for lack of jurisdiction. Appellant has forfeited any argument that this court has jurisdiction by failing to respond to the motion to dismiss. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (explaining that burden of establishing jurisdiction rests upon party asserting jurisdiction); Scenic Am., Inc. v. U.S. Dep't of Transp., 836 F.3d 42, 53 n.4 (D.C. Cir. 2016) ("Although a party cannot forfeit a claim that we lack jurisdiction, it can forfeit a claim that we possess jurisdiction."). In any event, the district court's denial of leave to file is not a final decision that may be appealed under 28 U.S.C. § 1291, nor does it otherwise qualify for interlocutory appeal

under 28 U.S.C. § 1292.  It is

**FURTHER ORDERED** that the motion for sanctions be granted in part and denied without prejudice in part.  The motion is denied without prejudice insofar as appellees seek an injunction barring appellant from pursuing further appeals in this case without prior leave of this court or the representation of a licensed attorney, and insofar as appellees seek an order holding appellant in contempt.  The motion is granted insofar as appellees request sanctions in the form of attorneys' fees and costs. This court may impose sanctions, including costs and attorneys' fees, on a party who brings an appeal "for an improper purpose, such as to harass or to cause unnecessary delay."  D.C. Cir. Rule 38; see also Reliance Ins. Co. v. Sweeney Corp., Md., 792 F.2d 1137, 1138 (D.C. Cir. 1986).  The record supports appellees' assertions that appellant brought this appeal, and the underlying district court action, in bad faith and for an improper purpose – namely, to harass appellees and to delay the resolution of proceedings in the Florida state court litigation.  Appellant offers no reason to find the appeal was not brought in bad faith or for an improper purpose.  In these circumstances, sanctions against appellant are appropriate in the amount of the reasonable attorneys' fees and costs incurred by appellees Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC; Naples Beach Club Phase II and III Land Trust Trustee, LLC; and NBC Club Owner, LLC (collectively, the "NBC Entities") in litigating this appeal.  See Fed. R. App. P. 38; D.C. Cir. Rule 38.  The NBC Entities are directed to submit documentation of those fees and costs within 30 days of the date of this order.  Appellant may file a response within 14 days thereafter.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested, and by first class mail.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk